IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**BENJA SOMYOO,**

    Plaintiff,

v.

**RFA BRANDS, LLC d/b/a MyCharge** and **SHENZEN TRUSDA INDUSTRIAL CO., LTD**,

    Defendants.

Case No. 1:23-cv-693

**DEFENDANT'S NOTICE OF REMOVAL**

NOW COMES Defendant RFA BRANDS, LLC d/b/a MyCharge (hereinafter "RFA BRANDS" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby gives notice that it is removing this action to the United States District Court for the Northern District of Illinois, Eastern Division and as grounds therefore states as follows:

**NATURE OF THE ACTION AND STATEMENT OF THE CASE**

1. Plaintiff Benja Somyoo (hereinafter "Plaintiff") commenced this action on December 15, 2022, by the filing of a complaint in the Circuit Court of Cook County, Illinois, captioned as *BENJA SOMYOO v. RFA BRANDS, LLC d/b/a MyCharge, and SHENZHEN TRUSDA INDUSTRIAL CO., LTD, Case No. 2022L011131* (hereinafter, "State Court Action).

2. Service was effected on Defendant on January 5, 2023.

3. The Complaint is attached hereto as *Exhibit A*.

4. Plaintiff was at all times hereinafter mentioned living in the City of Chicago, County of Cook, and State of Illinois *Exhibit A, ¶ 1*.

5. The State Court Action further alleges that Defendant is a company registered and organized under the laws of Michigan, with its principal place of business located at or near 123 West Brown Street, City of Birmingham, County of Oakland, and State of Michigan. *Exhibit A, ¶ 2*.

6. The State Court Action further alleges that Shenzhen Trusda Industrial Co, Ltd is a Chinese corporation with its principal place of business located at or near 3rd Floor, Building 4, Lianchuang Technology Park, Bulu Road, Buan Nanwan Street, Buji Longgang District, Shenzhen 518112 in the country of China. *Exhibit A, ¶ 3*.

7. The Complaint asserts two causes of action against each Defendant including: (a) Products Strict Liability; and (b) Negligence.

8. In the State Court Action, Plaintiff seeks to recover, *inter alia*, damages in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County and additional costs of said suit. *Exhibit A,* p. 5, *¶ 2* (beginning "Wherefore"). The Plaintiff's counsel also attached an affidavit to the Complaint pursuant to Illinois Supreme Court Rule 222(b) certifying that the damages exceeded $50,000.00. *Exhibit B*, *¶* 2. Further, in his demand letter, Plaintiff demands $5,000,000 and claims to have been hospitalized and to have underwent a skin graft, physical and occupational therapy, pain management, wound care, a wound vac, and excisional debridements. Plaintiff claims $113,104.73 in medical bills and $8,333.33 in lost wages. *Exhibit C*.

9. In this case, on May 20, 2021, the Plaintiff's attorney made a demand of $5,000,000.00. *Exhibit C*, p. 3, *¶* 1.

10. In his Complaint Plaintiff alleges that, as a result of the MyCharge portable power bank exploding, "Plaintiff was caused to suffer traumatic, painful, burn injuries to his right leg,

right hand, and fingers, hereby causing the Plaintiff to sustain severe, disfiguring pain and disabling injuries, both internally and externally; that Plaintiff has spent and become liable for, and may in the future spend and become liable for, a large sum of money for medical care and attention; that the Plaintiff was unable to, and may in the future be unable to attend his usual duties and affairs for long periods of time, to Plaintiff's great detriment; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence" *Exhibit A,* p. 4-5 *¶ 6*.

11. Further, in his demand letter, Plaintiff demands $5,000,000 and claims to have been hospitalized and to have underwent a skin graft, physical and occupational therapy, pain management, wound care, a wound vac, and excisional debridements. Plaintiff claims $113,104.73 in medical bills and $8,333.33 in lost wages. *Exhibit C*, p. 3.

## TIMELINESS OF REMOVAL

12. Service was effected on Defendant on January 5, 2023, as evidenced by the Affidavit of Service, attached hereto as *Exhibit D***,** and this Notice of Removal is being filed within thirty days thereof. Therefore, removal of this case is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR FEDERAL JURISDICTION

13. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of this action based upon the diversity of citizenship of the parties hereto. Specifically, Plaintiff is a citizen of Illinois, while Defendant is a citizen of Michigan and SHENZHEN TRUSDA INDUSTRIAL CO., LTD is a citizen of China. *See Exhibit A at ¶ 1, 2, 3 and 4.*

14. Since Defendant and SHENZHEN TRUSDA INDUSTRIAL CO., LTD are not citizens of Illinois, the State where this action has been brought, removal is proper under 28 U.S.C. § 1441.

## **AMOUNT IN CONTROVERSY**

15. As detailed above, the amount demanded in the State Court Action is in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County and additional costs of said suit *Exhibit A,* p. 5, *¶ 2* (beginning "Wherefore").

16. § 28 U.S.C. § 1446(c)(2), in relevant part states:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by § 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that: (A) the notice of removal may assert the amount in controversy if the initial pleading seeks- (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. See § § 28 U.S.C. § 1446(c)(2)(A).

17. Although Defendant denies Plaintiff's claims, based on the allegations in the Plaintiff's Complaint and the ad damnum clause seeking damages "in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County and additional costs of said suit," Defendant believes in good faith that the amount in controversy exceeds the value of $75,000.00.

18. In the alternative, if the Court finds that the language of the Complaint at issue fails to establish the amount in controversy, Defendant may establish a "'reasonable probability' [by a preponderance of the evidence] that the amount in controversy exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F. 3d 813, 815 (7th Cir. 2006); see also, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F 3d 536, 542 (7th Circ. 2006) (clarifying the term "reasonable probability" means by a preponderance of the evidence).

19. "A removing party need not show that the Plaintiff will prevail or collect more than $75,000 if he does." *Rising-Moore*, 435 F. 3d at 816. "The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the aware under the threshold." *Id*. A removing defendant may establish the amount that the plaintiff seeks to recover "by reference to the plaintiff's informal estimates or settlement demands." *Meridian*, 441 F. 3d at 541.

20. In Plaintiff's pre-litigation settlement demand, Plaintiff sought $5,000,000.00 to fairly and adequately compensate Plaintiff for injuries allegedly caused by Defendant and SHENZHEN TRUSDA INDUSTRIAL CO., LTD. *Exhibit C,* ¶ 7. Plaintiff claims $113,104.73 in medical bills and $8,333.33 in lost wages. *Exhibit C,* p. 3.

21. Accordingly, this action satisfies the amount in controversy threshold of at least $75,000.00 for removal.

## VENUE

22. Venue lies in the Northern District of Illinois under 28 U.S.C. §§ 1441(a), 1446(a), and 90(a). This action was filed in the Illinois State Court of Cook County and the United States District Court for the Northern District of Illinois, Eastern Division, encompasses said forum.

## CONCLUSION AND PRAYER

23. In accordance with 28 U.S.C. § 1446(d), Defendant is providing written notice of this filing of this Notice of Removal to all adverse parties, specifically the Plaintiff, and filing a copy with the Clerk of Court for Cook County, the State court where this action was originally brought, thereby satisfying all procedural requirements for removal.

24. By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.

Further, Defendant intends no admissions of fact, liability or law by this Notice of Removal, and expressly reserves all applicable defenses, motions, and pleas.

25. For the reasons contained herein, Defendant respectfully prays that this Court take jurisdiction of this action to its conclusion and final judgment, to the exclusion of any further proceedings in the Circuit Court of the fifth Judicial Circuit Clark County, Illinois.

26. This Defendant demands trial by a jury of 12 persons.

Respectfully submitted, this, the 3rd day of February, 2023.

/s/ Jonathan Blakley
Illinois Bar No. 6308603
GORDON REES SCULLY MANSUKHANI
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: (312) 796 – 2980
Email: jblakley@grsm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and have served same by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to Plaintiffs' counsel as follows:

> GOLDSTEIN, BENDER & ROMANOFF
> *Attorney for Plaintiff*
> One North LaSalle Street, Suite 1000
> Chicago, Illinois 60602

This, the 3rd day of February, 2023

/s/ Jonathan Blakley
Illinois Bar No. 6308603
GORDON REES SCULLY MANSUKHANI
One North Franklin, Suite 800
Chicago, IL 60606
Telephone: (312) 796 – 2980
Email: jblakley@grsm.com